MARIAN HARTWELL, as Administratrix of the Estate of HAROLD D. HARTWELL, Deceased, Respondent, v. W. E. NAVIN, as Receiver of the Rutland Railroad Company, Appellant.— Appeal from a judgment of the Trial Term entered upon the verdict of a jury in the Clinton County clerk's office on November 16, 1943, in favor of plaintiff against defendant for $43,699.73 and from an order entered December 9, 1943, denying a motion to set aside the verdict and for a new trial. The action is for conscious pain and suffering and death of plaintiff's intestate, Harold Hartwell. His death occurred on January 18, 1943, as the result of a collision with a train at a railroad crossing located near the station of defendant at Forest, New York. Decedent was crossing the tracks of defendant in his automobile. It was snowing and the snow was blowing and drifting. The highway approached the tracks on a downgrade through a cut about four feet deep, and the snow was piled high on the sides of the highway. His view was obscured in both directions. The train was two hours and twenty minutes late and traveling at forty miles per hour. Visibility was bad and the engineer did not see the automobile until the engine was about fifty feet from the crossing, and at that time the front wheels of the automobile were on the track. There is proof both ways by both interested and disinterested witnesses as to whether the engineer gave the usual warning by blowing his whistle and ringing the bell. Judgment and order affirmed, with costs. All concur. [See 269 App. Div. 720.]

WILLIAM W. GETTYS, Appellant, v. LESLIE G. RYAN et al., Respondents.— Defendants, by purchase, acquired title to certain real property from plaintiff's lessor, while plaintiff was in possession thereof. Plaintiff sued in specific performance to compel defendants to convey to him, for the consideration defendants had paid for the property, on the claim that when they purchased plaintiff had effectually renewed a former lease and option therein giving him first refusal to purchase and that defendants knew or were chargeable with notice of his rights thereunder. The renewal of the lease and option relied upon by plaintiff was not in writing and the former lease was not of record. The trial court found that the option was not renewed and that defendants were purchasers in good faith and without notice of plaintiff's claims. These findings were sufficiently supported by the evidence. The decision and judgment appealed from should be affirmed. Decision and judgment affirmed, with costs and disbursements to respondents. All concur.